**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **RANDLE LEE SHEARS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:18-cv-00166-O-BP** |
| | § | |
| **ANDREW M. SAUL, Commissioner of** | § | |
| **Social Security Administration,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On December 2, 2019, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 17. The FCR recommended that the Court affirm the decision of the Commissioner of the Social Security Administration (the "Commissioner"), which concluded that Plaintiff Randle Lee Shears ("Shears") is not disabled as defined by the Social Security Act. *Id.* at 2 (citing Admin. R. 72, 76, ECF No. 12-1). Shears filed Objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on December 13, 2019. Pl.'s Obj., ECF No. 18.

The Court has conducted a de novo review of the FCR. For the following reasons, Shears's Objections are **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. The Court **AFFIRMS** the Commissioner's decision.

## I.    BACKGROUND

Shears filed a Title II application for disability insurance benefits and a Title XVI application for social security income, both based on his alleged disability. Admin. R. 75, ECF No. 12-1. The Commissioner denied these claims initially and upon reconsideration. *Id.* Shears then requested a hearing, and the Administrative Law Judge ("ALJ") held a video hearing. *Id.*

The ALJ's decision applied the statutory five-step framework, made findings at each step, and concluded that Shears was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. *Id.* at 77–83. Specifically, the ALJ found that (1) Shears had not engaged in substantial gainful activity since the alleged onset date, (2) Shears had several severe physical impairments, (3) the severity of Shears's impairments did not meet the criteria of any listed impairment, (4) Shears had the residual functional capacity ("RFC") to perform medium work (with the exception of two nonexertional limitations), (5) Shears was capable of performing his past relevant work, and, finally, (6) Shears did not have a disability as defined in the Social Security Act. *Id.*

## II.    LEGAL STANDARD

On review of the Commissioner's denial of benefits, a reviewing court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as more than scintilla and less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence" to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal citation omitted).

The Social Security Administration uses a five-step process to determine whether an

individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *Id.* The five steps consider: (i) whether the claimant is engaged in substantial gainful activity; (ii) whether the claimant's impairments are medically severe; (iii) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (iv) whether the RFC precludes the claimant from performing his past relevant work; and (v) whether the combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct an RFC assessment. *Id.* § 404.1520a(d)(3).

## III.    ANALYSIS OF OBJECTIONS

Shears objects to the FCR, maintaining that "the decision of the Commissioner is not supported by substantial evidence." Pl.'s Obj. 2, ECF No. 18. Shears presents two arguments in support. First, Shears contends that the ALJ erred by failing to incorporate Shears's severe impairments and the resulting limitations into Shears's RFC determination. *Id.* As a result, Shears contends the ALJ also erred by failing to identify Shears's limitations in sufficiently specific terms when posing a hypothetical question to the vocational expert ("VE"). *Id.* The Court addresses each in turn.

### A.  Residual Functional Capacity

First, Shears argues that the ALJ's RFC analysis at the statutory fourth step failed to incorporate functional limitations the ALJ found severe at the second step. *Id.* at 3. Specifically, Shears "submits that th[e] RFC assessment fails to consider limitations based upon the severe impairments of cervical degenerative disc disease, osteoarthritis of the left knee, hypertension, and diffuse osteopenia of the right ankle." *Id.*

The determination that a claimant has a severe impairment is "not a sufficient condition for

receiving benefits," but "means only that the claimant has passed the second step" of the analysis. *Shipley v. Sec'y of Health & Human Servs.*, 812 F.2d 934, 935 (5th Cir. 1987). A claimant's RFC is assessed to determine the work a claimant can still do, despite his present limitations. *Winston v. Berryhill*, No. 3:16-CV-419-BH, 2017 WL 1196861, at *12 (N.D. Tex. Mar. 31, 2017), *aff'd*, 755 F. App'x 395 (5th Cir. 2018) (citing *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (per curiam)). "[T]he consideration of whether a claimant's impairments are severe at step two is a different inquiry than an ALJ's assessment of the claimant's RFC." *Id*. at *13. And a finding of "a combination of impairments that is severe" is not inconsistent with the determination that the claimant nonetheless has the RFC to perform past relevant work. *Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001). On review of the Commissioner's decisions, the Court is limited to determining whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *Greenspan*, 38 F.3d at 236.

At the statutory fourth step, the ALJ "assessed [the RFC] based on all the evidence with consideration of all the limitations and restrictions imposed by the combined efforts of all the claimant's medically determinable impairments." Admin. R. 81, ECF No. 12-1. The ALJ "considered all symptoms and the extent to which th[ose] symptoms c[ould] reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id.* He explicitly mentioned several impairments, including "extreme pain," "melanoma in his eye," "a history of musculoskeletal injuries and surgeries," and "hypertension[, which] is benign on medication." *Id.* at 81–82. However, the ALJ also noted that "the record shows he has a variety of activities of daily living that are consistent with the [concluded] residual functional capacity," including "driv[ing] around town," "shop[ping] with his girlfriend," "prepar[ing] simple meals," "mow[ing] occasionally using a riding mower," etc. *Id.* at 82. Considering all the evidence, the ALJ found that Shears's "medically determinable impairments could reasonably be expected to produce the above alleged symptoms" but that "the claimant's

statements concerning the intensity, persistence and limiting effects of th[ose] symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record." *Id.* Thus, the ALJ gave great weight to the medical consultants' opinions and considered Shears's statements only to the extent they could "reasonably be accepted as consistent with the objective medical and other evidence." *Id.*

The Court concludes that the ALJ's ultimate conclusion that Shears "has the residual functional capacity to perform medium work"—with the exception of two nonexertional limitations: his reduced "ability to reach overhead with his right upper extremity" and his "limited vision of his left eye"—is supported by substantial evidence in the record. *Id.* at 81. The ALJ considered the entire record and all evidence—including all impairments, both severe and non-severe—and determined that none of the impairments, alone or in combination, satisfied the disability requirements. *See generally id.* Taking that all into account, the ALJ determined that Shears had the functional capacity to perform past relevant work and was not disabled. *Id.*

Though Shears focuses on the ALJ's lack of explanation regarding which limitations the ALJ incorporated in the RFC assessment, *see* Pl.'s Obj. 3–5, ECF No. 18, an ALJ need not always do an "exhaustive point-by-point discussion" to support a conclusion, *Aulder v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Thus, the Court finds that the ALJ's stated review of the entire record, along with his accompanying factual recitation and legal analysis, is sufficient to support the Commissioner's conclusion regarding Shears's RFC. Shears's first objection is **OVERRULED.**

### B. Hypothetical Question

Shears also disputes the ALJ's reliance on the opinion of the VE. Shears claims "the language used by the ALJ" in the hypothetical question regarding Shears's limitations "was so nonspecific that the VE could not have drawn accurate conclusions as to the impact of these limitations upon [Shears's] capacity to perform his past relevant work." Pl.'s Obj. 5, ECF No. 18. Accordingly, Shears contends

that "there was insufficient information for the VE to provide meaningful opinion evidence" and, as a result, the VE's response "does not constitute substantial evidence sufficient to support the ALJ's ultimate conclusion." *Id.* at 2–3.

A hypothetical question qualifies as a reversible error in one of two situations. *Detwiler v. Astrue*, No. 5:10-CV-00194-BG, 2012 WL 569188, at *4–5 (N.D. Tex. Jan. 19, 2012), *report and recommendation adopted by* No. 5:10-CV-00194-BG, 2012 WL 589577 (N.D. Tex. Feb. 22, 2012) (citing *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)). Either "the hypothetical question did not incorporate reasonably all disabilities . . . recognized by the ALJ" or "the claimant or his representative was not afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical question." *Id*. at *5. When there is a "significant discrepancy . . . between the limitations included in the hypothetical question posited to the VE and the limitations the ALJ found in his decision," the ALJ has committed a reversible error. *Ellis v. Astrue*, No. 7:09-CV-70-O-BF, 2010 WL 3422872, at *5 (N.D. Tex. July 7, 2010).

In the hypothetical question posed, the ALJ provided the titles of Shears's previous jobs— home health aid, maintenance supervisor, stocker, and apartment maintenance worker—and asked the VE to consider whether an individual "capable of performing medium work as defined by the Social Security regulations," with "reduced reaching right overhead" and "limited vision of the left eye" could perform those jobs. Admin. R. 149, ECF No. 12-1. Shears argues that the ALJ's failure to explain to what degree Shears's overhead reaching and vision were reduced does not make the VE aware of the extent of the limitations that may affect his ability to perform certain jobs. Pl.'s Obj. 5, ECF No. 18. Because the ALJ allegedly did not make the VE "aware of these limitations," Shears claims the ALJ's hypothetical question "was not specific enough to allow the VE [to] identify all of

[Shears's] limitations[, and] the testimony of the VE is not substantial evidence sufficient to support the ALJ's conclusion that [Shears] can return to his past relevant work." *Id.*

As explained above, Shears's RFC was based on substantial evidence in the record. And the VE was presented with the limitations included in that RFC. *See* Admin. R. 149, ECF No. 12-1. Shears does not argue that the question failed to incorporate all the disabilities recognized by the ALJ; instead, he argues that the failure of the ALJ to explain the degrees of limitation renders the posited hypothetical meaningless. That is not a basis for reversal. *See Detwiler*, 2012 WL 569188, at *4. Moreover, there is not a significant discrepancy between the limitations included in the hypothetical and those found in the ALJ's decision. *Compare* Admin. R. 149, ECF No. 12-1 ("reduced reaching right overhead" and "limited vision of the left eye"), *with id.* at 81 ("ability to reach overhead with his right upper extremity is reduced" and "limited vision of his left eye"). Accordingly, the hypothetical reasonably incorporated Shears's disabilities, and the ALJ did not commit a reversible error by considering the VE's opinion as evidence.

Finally, Shears waives the second argument by failing to claim that he was not "afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical question." *Detwiler*, 2012 WL 569188, at *4 (quoting *Bowling*, 36 F.3d at 436). For the reasons stated above, the Court determines that the ALJ's hypothetical was not defective. Shears's second objection is **OVERRULED.**

IV.    **CONCLUSION**

Having conducted a de novo review of the FCR and Shears's Objections, the Court **OVERRULES** each of Shears's Objections and **ADOPTS** the reasoning in the Magistrate Judge's FCR. Accordingly, the Court **AFFIRMS** the Commissioner's decision that Shears is not disabled as defined by the Social Security Act.

**SO ORDERED** on this **20th day of February, 2020.**

7

Reed O'Connor
UNITED STATES DISTRICT JUDGE